## MIDDLETON v. AMES.

(Supreme Court, Appellate Division, First Department. June 9, 1899.)

TRIAL BY REFEREE—ACCOUNTING.

Code Civ. Proc. § 1013, provides that the court may direct a trial by a referee, where the trial will require the examination of a long account. A complaint alleged that plaintiff and another sold defendant certain personal property; that defendant agreed to pay a stipulated sum therefor, in weekly installments of $100 each, out of the proceeds of a business to be conducted with the purchased property; that he received a large amount of money from the business, to a portion of which plaintiff was entitled; that he had removed the personal property and given up the business; that plaintiff had demanded an accounting respecting the money so received, which was refused; and that he refused to pay plaintiff the amount he was entitled to. *Held*, that plaintiff was not entitled to a reference.

Appeal from special term, New York county.

Action by William Middleton against Wilbur T. Ames. From an order of the special term referring all the issues in the action to a referee to hear and determine, defendant appealed. Reversed.

Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Wm. Henry Knox, for appellant.
Wm. H. Andrews, for respondent.

BARRETT, J. The plaintiff moved solely upon the pleadings. We find nothing in the complaint to indicate that the trial of this action will require the examination of a long account. As the plaintiff submitted no affidavit, and as the complaint itself suggests nothing with regard to the character or extent of the account to be examined, the plaintiff failed to bring his application within section 1013 of the Code of Civil Procedure. But, further, the complaint shows that the trial will not require the examination of an account at all,—long or short. It alleges an agreement whereby the plaintiff and one Onequi sold to the defendant certain chattels, together with the good will of the business in which these chattels were used, for the sum of $8,250. This latter sum was to be paid "out of the proceeds of the business to be done through the property and good will hereby sold"; three-fifths to Onequi in weekly sums of $150, and two-fifths to the plaintiff in weekly sums of $100. Under this agreement the defendant took possession of the

chattels, and carried on the business for a short period.   He then,
it is charged, gave up the business and removed and disposed of
the furniture.   The complaint further alleges that the defendant
received large amounts of money from the business, to a portion of
which the plaintiff was entitled under the contract, but that no
part thereof, "excepting the sum of $150," has been paid, and that
the plaintiff has demanded from the defendant an accounting re-
specting such moneys, which has been refused.   Upon these alle-
gations the plaintiff demands an accounting under the agreement,
and judgment for the balance found due him.   It is plain that upon
these facts he is not entitled to an accounting in equity.   Nor does
he need such an accounting.   What he requires is simply a discov-
ery to ascertain whether two-fifths of the proceeds of the business
amounted to enough to call for the payment by the defendant of
the agreed sum, or of some weekly installment thereof.   The pay-
ments, it will be observed, are to be made out of the proceeds of
the business, but these proceeds merely measure the defendant's
fixed obligation.   The action is essentially at law to recover the
price of the chattels and good will sold,—such price being payable
in the particular manner agreed upon.   What the plaintiff is really
looking for is proof to show that the agreed price is now payable, in
whole or in part, under the terms of the contract.   Thus, clearly, the
case, on this head, stated in the complaint, is not referable.   If, on
the other hand, the defendant has given up the business, and the
plaintiff relies upon that feature of the complaint, claiming that the
defendant has thus put it out of his power to realize the agreed sum,
still less is the case a referable one.   In no aspect of the complaint is
the action compulsorily referable.

The order appealed from should therefore be reversed, with $10
costs, and the motion for a reference denied, with $10 costs.   All
concur.